UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MENARD, INC., | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| *vs.* | ) | 1:11-cv-01555-JMS-DKL |
| | ) | |
| STANLEY DETECTIVE AGENCY, INC., | ) | |
| *Defendant.* | ) | |

## ORDER TO SHOW CAUSE

Plaintiff Menard, Inc. ("Menard") originally filed this action against Stanley Detective Agency, Inc. ("Stanley") as a third-party claim in a lawsuit initiated by Benita Young against Menard. [Dkt. 11 at 5-8.] In the original lawsuit, Ms. Young sued Menard for negligence related to injuries she suffered while providing security services at a Menard store as an employee of Stanley. [Dkts. 1-1 at 1-2; 11 at 6.] After ordering Ms. Young and Menard to address whether the Court had diversity jurisdiction over Ms. Young's claims by filing a joint jurisdictional statement, [dkt. 7], the parties filed a statement which the Court concluded was sufficient to establish diversity jurisdiction at that time, [dkt. 10]. Subsequently, Ms. Young and Menard reached a settlement regarding Ms. Young's negligence claim, [dkt. 56], leaving only Menard's indemnity claim against Stanley.

A federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009), and counsel has a professional obligation to analyze it, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). Subject matter jurisdiction cannot be waived and "always comes ahead of the merits" of a case. *Leguizamo-Medina v. Gonzales*, 493 F.3d 772, 774 (7th Cir. 2007). Regardless of the "waste of effort" that results from a case partially or fully litigated in the wrong court, "both the Supreme Court and

[the Seventh Circuit Court of Appeals] have noted time and again that subject matter jurisdiction is a fundamental limitation on the power of a federal court to act."  *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 980 (7th Cir. 2000).

Because only Menard's indemnity claim against Stanley remains, and since Menard and Stanley have not previously addressed jurisdiction for that claim,[1] the Court must determine at this time whether it has jurisdiction over that claim.

### A.  Diversity Jurisdiction

In order to invoke diversity jurisdiction in a civil action, the matter must be between citizens of different states and the amount in controversy must exceed $75,000, exclusive of interest and costs.  28 U.S.C. § 1332.  The Court cannot determine from the docket whether the parties agree on each other's citizenship.  In connection with the indemnity claim, Menard has alleged that it is "a Wisconsin corporation with its principal place of business located in Eau Claire, Wisconsin," [dkt. 37 at 6, ¶ 1], and that Stanley is "an Indiana corporation with its principal place of business located in Anderson, Indiana," [*id.* at 6, ¶ 2].  In its Answer, Stanley stated that it was "without sufficient information to admit or deny" the allegations regarding Menard's citizenship, [dkt. 39 at 1, ¶ 1], and denied the allegations regarding Stanley's citizenship, [*id.* at 2, ¶ 2].  The parties are reminded that a corporation is deemed a citizen of any state where it is incorporated and a citizen of the state where it has its principal place of business, *Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006).

As to the amount in controversy, because the Court previously determined that the amount in controversy for the underlying claim was greater than $75,000 exclusive of interest and costs, [dkt. 10], the amount in controversy has been met for the indemnity claim as well, de-

---

[1] Menard did not explicitly set forth a jurisdictional basis in its Third Party Complaint, and thus Stanley did not respond to a jurisdictional allegation.

spite the fact that the underlying claim settled after the indemnity claim was brought – potentially for less than $75,000.  *See McCall v. Emerson Appliance Controls*, 2007 U.S. Dist. LEXIS 49372, * 2-3 (S.D. Ind. 2007) (jurisdiction is analyzed based on the events at the time the case is brought and subsequent events do not divest the Court of jurisdiction).

Accordingly, the parties are **ORDERED** to file a joint jurisdictional statement by **February 5, 2013** detailing the citizenship of each party.  If the parties cannot agree on the contents of a joint statement, they are **ORDERED** to file competing statements by that date.

### B.  Supplemental Jurisdiction

If diversity jurisdiction is not present, it is possible that the Court may exercise supplemental jurisdiction over Menard's remaining indemnification claim.  This Court has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  Now that Ms. Young's negligence claim is no longer part of this lawsuit, and since diversity jurisdiction for the indemnity claim is not clear, the Court must reevaluate.  *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim…if…the district court has dismissed all claims over which it has original jurisdiction….").

There is a presumption that a district court "will relinquish…jurisdiction over any supplemental claim to the state courts."  *Leister v. Dovetail, Inc.*, 546 F.3d 875, 882 (7th Cir. 2008). When deciding whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity."  *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (*quoting Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

If the parties believe that the Court may exercise supplemental jurisdiction over Menard's indemnity claim against Stanley, they are **ORDERED** to file a joint statement by **February 5, 2013** detailing their position and analyzing the principles of judicial economy, convenience, fairness, and comity.  If the parties cannot agree on the contents of a joint statement, they are **ORDERED** to file competing statements by that date.

01/22/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Diana Carol Bauer
CARSON BOXBERGER LLP
bauer@carsonboxberger.com

John G. Garman Jr.
john.garman@comcast.net

Karl John Veracco
CARSON BOXBERGER, LLP
veracco@carsonboxberger.com