UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MENARD, INC. | ) | |
|    *Plaintiff*, | ) | |
| | ) | |
|    *vs*. | ) | 1:11-cv-01555-JMS-DKL |
| | ) | |
| STANLEY DETECTIVE AGENCY, INC. | ) | |
|    *Defendant.* | ) | |

**ORDER**

Presently before the Court in this indemnification action is Plaintiff Menard, Inc.'s ("Menard") Motion for Summary Judgment, [dkt. 45]. For the following reasons, the Court grants the motion in part and denies it in part.

**I.**
**STATEMENT OF FACTS**

The Court notes at the outset that Menard's Statement of Material Facts Not In Dispute, [dkt. 46 at 2-8], does not comply with Local Rule 56-1(e), which requires that "[a] party must support each fact the party asserts in a brief with a citation to a discovery response, a deposition, an affidavit, or other admissible evidence….The citation must refer to a page or paragraph number or otherwise similarly specify where the relevant information can be found in the supporting evidence." L.R. 56-1(e). Nevertheless, because Defendant Stanley Detective Agency, Inc. ("Stanley") "accept[ed]…as asserted by Menard" the Statement of Material Facts Not In Dispute, [dkt. 50 at 1], the Court will use Menard's recitation to frame the material facts not in dispute. In the future, counsel should ensure compliance with all rules of Court, both federal and local.

Benita Young began working for Stanley, a security company, in 2006 and was assigned to work as a security guard at a Menard store in Muncie, Indiana. [Dkt. 45-1 at 2-3.] One of Ms.

Young's duties at the beginning of her shift was to open the overhead doors located in the lumber yard behind the Menard store. [*Id.* at 8-9.] The overhead doors were large and difficult to open, [*id.* at 26], and often became stuck or jammed, [*id.* at 13]. During the winter of 2010, the doors were particularly difficult for Ms. Young to open. [*Id.* at 13-14.] Ms. Young reported this problem to the Muncie Menard General Manager, John Keller. [*Id.* at 14.] At some point thereafter, one of the Menard yard employees applied grease to the rollers on which the doors were mounted, but this did little to improve the situation. [*Id.* at 16-17.] Ms. Young also reported her difficulty with opening the doors to her Stanley supervisor, Ollie Wyrick. [*Id.* at 18-19.]

On May 9, 2010, Ms. Young was in the process of opening one of the overhead doors when it abruptly closed, injuring her right shoulder. [*Id.* at 19.] Ms. Young worked the remainder of the day, and then sought medical treatment from Dr. Hunt of Central Indiana Orthopedics on May 11, 2010. [*Id.* at 21-22.] Dr. Hunt thought Ms. Young had sustained a slight tear in her bicep muscle. [*Id.*] Ms. Young returned to work at Menard, performing "light duty" work until August 12, 2010 when she was terminated due to her inability to perform her job requirements because of her injury. [*Id.* at 23-24.] On September 21, 2010, Dr. Trustler performed surgery to repair Ms. Young's severely torn bicep muscle. [*Id.* at 22, 24.] Ms. Young received workers' compensation benefits and the medical bills relating to her injury have all been paid. [*Id.* at 23, 25.]

Ms. Young's job assignment at Menard was pursuant to an August 20, 2007 Contract for Security Services between Menard and Stanley ("the Contract"), whereby Stanley agreed to provide security services for the Menard store in Muncie. [Dkt. 45-4 at 1.] The Contract contains a "Defense and Hold Harmless" provision which requires Stanley to indemnify Menard

for "any liability, damages, expenses, claims, demands, actions, or causes of action…arising out of [Stanley's] performance of [the Contract]." [*Id.* at 5.] Menard has settled a negligence claim brought against it by Ms. Young, [dkt. 56], and has now moved for summary judgment on its third-party indemnity claim against Stanley, [dkt. 45].

## II.
### STANDARD OF REVIEW

A motion for summary judgment asks that the Court find that a trial based on the uncontroverted and admissible evidence is unnecessary because, as a matter of law, it would conclude in the moving party's favor. *See* Fed. R. Civ. P. 56. To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

As the current version of Rule 56 makes clear, whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially the grant of summary judgment. Fed. R. Civ. P. 56(e).

The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has "repeatedly assured the district courts that they are not

required to scour every inch of the record for evidence that is potentially relevant to the summary judgment motion before them," *Johnson v. Cambridge Indus.*, 325 F.3d 892, 898 (7th Cir. 2003). Furthermore, reliance on the pleadings or conclusory statements backed by inadmissible evidence is insufficient to create an issue of material fact on summary judgment. *Id.* at 901.

The key inquiry, then, is whether admissible evidence exists to support a plaintiff's claims or a defendant's affirmative defenses, not the weight or credibility of that evidence, both of which are assessments reserved to the trier of fact. *See Schacht v. Wis. Dep't of Corrections*, 175 F.3d 497, 504 (7th Cir. 1999). And when evaluating this inquiry, the Court must give the non-moving party the benefit of all reasonable inferences from the evidence submitted and resolve "any doubt as to the existence of a genuine issue for trial…against the moving party." *Celotex*, 477 U.S. at 330.

## III.
### DISCUSSION

In support of its Motion for Summary Judgment – filed before Menard and Ms. Young settled her negligence claim – Menard argues that Ms. Young was a "dual employee" of both it and Stanley and was subject to the control of each. [Dkt. 46 at 8-10.] Although Menard makes the "dual employee" argument in connection with its contention that workers' compensation is Ms. Young's exclusive remedy, Stanley responds that Ms. Young's dual employee status is also relevant to the issue of Stanley's indemnity obligation to Menard. [Dkt. 50 at 2.][1] Specifically, Stanley argues that the Contract's indemnification provision is ambiguous at best, given the fact that both Menard and Stanley exercised control over Ms. Young. It asserts that an indemnification agreement will not be construed to require indemnification for the indemnitee's

---

[1] The Court need not analyze whether Ms. Young was truly a dual employee, subject to the control of both Menard and Stanley. For purposes of the pending Motion for Summary Judgment, Menard has conceded that she was.

- 4 -

own negligence absent "a specific and express statement in the agreement to that effect." [Dkt. 50 at 3.] Menard replies that it is not arguing it is entitled to indemnification for its own negligence, but rather only for liability Menard faces which arises out of performance of the Contract. [Dkt. 51 at 3.]

The Contract's indemnification provision states that "[Stanley] shall indemnify, hold harmless and defend Menards, its agents and its employees from any liability, damages, expenses, claims, demands, actions, or causes of action…arising out of [*Stanley's*] performance of this agreement…whether such liability…[is] caused by [Stanley]…or any persons acting on [its] behalf." [Dkt. 45-4 at 5 (emphasis added).] Whether or not Ms. Young's injuries resulted from Stanley's negligence, Menard's negligence, Ms. Young's negligence while directed by either, or some combination thereof is a question still in dispute. Indeed, Menard acknowledges Ms. Young's status as an employee of both it and Stanley and who was subject to the control of both. Menard's characterization of her as a dual employee makes it impossible for the Court to determine upon whose liability Menard's settlement with Ms. Young was based – a question properly decided by a jury at trial.

Because the Court cannot determine, based on the facts before it, whether the settlement with Ms. Young was for negligence on the part of Menard, Stanley, or Ms. Young at the direction of either, the Court cannot conclude that Menard is entitled to indemnification under the Contract. In construing an indemnification agreement, the Court will "seek to ascertain the intention of the parties as revealed by an examination of the entire contract, and, if possible, will…give to the words which the parties used their ordinary and usual meaning." *Keggereis v. Auto-Owners Ins. Co.*, 484 N.E.2d 976, 983-84 (Ind. Ct. App. 1985). An indemnity provision should be construed "to cover all losses and damages to which it reasonably appears the parties

intended it to apply." *Zebrowski & Associates, Inc. v. City of Indianapolis*, 457 N.E.2d 259, 261 (Ind. Ct. App. 1983). An indemnity provision will not extend to losses, damages, or liabilities which are neither included expressly within the provision's terms nor capable of being reasonably inferred from the language of the indemnity provision or the contract as a whole.

Under Indiana law, agreements to indemnify against one's own negligence are strictly construed and "will not be read to provide [such] indemnity unless so expressed in clear and unequivocal terms." *Moore Heating & Plumbing, Inc. v. Huber, Hunt & Nichols*, 583 N.E.2d 142, 145 (Ind. Ct. App. 1991). Menard has acknowledged that the Contract's indemnity provision does not specifically address Menard's own liability, [dkt. 51 at 2], and the Court agrees. In the absence of unequivocal express language indicating the parties' intent for Stanley to indemnify Menard for its own negligence, the Court will not interpret the indemnity provision that broadly. *See, e.g., Moore Heating & Plumbing, Inc*., 583 N.E.2d at 145-46 (indemnity provision which provided that a subcontractor would indemnify a general contractor for any negligence arising from the job was insufficient to express an intent to indemnify the general contractor for its own negligence).

The Court finds, however, that the indemnity provision does contain the necessary language to require Stanley to indemnify Menard for liability arising from Stanley's negligence, and agrees with Menard's contention that Ms. Young was providing services to Menard subject to the terms of the Contract. To the extent that all or part of the settlement between Menard and Ms. Young is attributable to Stanley's negligence or Ms. Young's negligence under Stanley's direction in performing the Contract, Menard is entitled to indemnification. But that apportionment presents a classic jury question, and not one resolvable on summary judgment.

- 7 -

## IV.
### CONCLUSION

For the reasons explained herein, the Court **GRANTS IN PART** Menard's Motion for Summary Judgment, [dkt. 45], and finds that Menard is entitled to indemnification only for liability resulting from Stanley's negligence and/or Ms. Young's negligence while acting at Stanley's direction. The Court **DENIES IN PART** Menard's Motion for Summary Judgment to the extent that Menard seeks indemnification for liability resulting from Menard's own negligence. Accordingly, Menard's indemnity claim against Stanley will proceed to trial.

02/08/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Diana Carol Bauer
CARSON BOXBERGER LLP
bauer@carsonboxberger.com

John G. Garman Jr.
john.garman@comcast.net

Karl John Veracco
CARSON BOXBERGER, LLP
veracco@carsonboxberger.com